CLD-057                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3747
_____

MICHAEL NORWOOD,
Appellant,

v.

JOHN JOHNSON; RONNIE HOLT
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-cv-01816)
District Judge: Honorable William W. Caldwell

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 1, 2011

Before:  RENDELL, HARDIMAN and ROTH,  Circuit Judges

(Opinion filed: January 11, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

Appellant Michael Norwood, an inmate at the United States Penitentiary-Canaan,

is a member of the Nation of Islam.  He was participating in the kosher/common-fare

religious diet program at the prison when it underwent a change.[1]  In June, 2009, the

Bureau of Prisons switched to prepared meals where certain items were no longer

individually wrapped.  These pre-packaged meals were not always vegetarian.  Prior to

June, 2009, some of the items in the prepared kosher meals were individually wrapped in

cellophane to ensure that kosher standards were met.  After the change, Norwood

requested that Chaplain John Johnson provide him with a halal *vegetarian* diet consistent

with his religious beliefs.  Chaplain Johnson apparently concluded that the diets provided

at USP-Canaan, that is, the "kosher/common-fare" and "mainline/no-flesh" diets, were

adequate to meet Norwood's religious needs.

Norwood then submitted an informal request to his counselor, claiming that the

change meant that the prison's kosher religious diet no longer satisfied Nation of Islam

teachings.  On June 24, 2009, Norwood received a response from a counselor explaining

the prison's two existing options, and advising Norwood that, if he was dissatisfied with

the options, he could submit a "New Or Unfamiliar Religious Components

Questionnaire" form to the chaplain.

Norwood then submitted a Request for an Administrative Remedy directly to

Warden Holt.  On or about July 11, 2009, Warden Holt responded and noted that

Norwood had been advised to submit a "New Or Unfamiliar Religious Components

Questionnaire."  Citing Bureau of Prisons Program Statement 5360.09, Warden Holt

stated: "While you have started completing this form it has been revealed that the

chaplain needs additional information from you in order to have it processed….  This is

---

[1] Kosher meals meet the religious requirements for Muslims.

provided for informational purposes only." See Defendants' Exhibit 3 in Support of Motion to Dismiss, or, in the alternative, for Summary Judgment, at 6. Thereafter, Norwood appealed unsuccessfully to the Regional Director and the Central Office. The Regional Director also noted the incomplete "New Or Unfamiliar Religious Components Questionnaire." In July, 2009, Norwood was observed eating from the mainline-non-certified food menu, and, as a result, he was removed from the religious diet program.[2]

On August 30, 2010, Norwood filed a complaint against Chaplain Johnson and Warden Holt in the United States District Court for the Middle District of Pennsylvania, alleging that they violated his rights under the First Amendment and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb ("RFRA"). Norwood sought an award of damages in the amount of $100,000.00 against each defendant and such other relief as the court deemed proper. The defendants filed a motion to dismiss, or, in the alternative, for summary judgment, arguing that Norwood failed to state a claim under either the First Amendment or RFRA, that the defendants were qualifiedly immune from a suit for money damages, and that Warden Holt lacked any personal involvement in the conduct alleged. In a Declaration in support of the motion, Chaplain Johnson stated that Norwood completed a "New Or Unfamiliar Religious Components Questionnaire," but it had been inadvertently submitted (by Johnson) to the Regional Chaplain, when it should have gone instead to Warden Holt. Chaplain Johnson stated that a new form would be provided to Norwood.

---

[2] Norwood would later argue that he ate from the mainline/non-certified food menu out of necessity when his initial informal request for an administrative remedy was unsuccessful.

Norwood filed a response in opposition to the defendants' motion to dismiss, etc. In a brief in reply to Norwood's response, the defendants grasped that Norwood wanted a vegetarian halal diet free of cross-contamination by animal-based foods. This he could no longer accomplish through the new kosher religious diet because it did not provide for certain items to be individually wrapped in cellophane. The defendants argued for the first time that Norwood had failed to exhaust his administrative remedies with respect to this specific religious diet claim. They also stated that Norwood had recently completed a "New Or Unfamiliar Religious Components Questionnaire," seeking a vegetarian halal diet free of cross-contamination by animal based foods. The questionnaire had been routed to the Warden and the Regional Religious Services Staff, and a decision on Norwood's request had not yet been made. The defendants also advised the court that one other federal prisoner had filed suit in the Middle District over an identical issue, see Jupiter v. Johnson, D.C. Civ. No. 10-cv-01968.

The Magistrate Judge filed a Report and Recommendation, in which he recommended that the defendants' motion to dismiss or for summary judgment be denied. The Magistrate Judge specifically considered and rejected the defendants' exhaustion of administrative remedies argument, because Norwood had an appeal that went all the way up to the Central Office. The defendants then filed Objections. In an order entered on September 28, 2011, the District Court granted the defendants' motion to dismiss or for summary judgment, and rejected the Report and Recommendation insofar as the Magistrate Judge concluded that the defendants were not entitled to qualified immunity. The court concluded that the defendants were indeed qualifiedly

4

immunized from a suit for damages, reasoning that the Magistrate Judge had defined the asserted "clearly established constitutional right," see Anderson v. Creighton, 483 U.S. 635, 640 (1987), as the right to a diet consistent with one's religious beliefs. The right defined by the Magistrate Judge was at too high a level of generality, see Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (U.S. 2011). In the District Court's view, Chaplain Johnson had merely failed to submit the "New Or Unfamiliar Religious Components Questionnaire" to the correct party, but this minor error did not expose him to a suit for money damages. Similarly, Warden Holt merely told Norwood that the Chaplain needed additional information. His conduct too thus was cloaked in qualified immunity.

Norwood appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B), or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and, in response, he submitted a pro se brief, which we have considered.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. The District Court properly granted the defendants' motion to dismiss or for summary judgment because Norwood failed to exhaust his administrative remedies prior to bringing suit, as required by 42 U.S.C. § 1997e(a). See Booth v. Churner, 532 U.S. 731 (2001).[3] Giving an agency the opportunity to correct its errors is a central purpose of the

---

[3] We "are free" to affirm the judgment "on any basis which finds support in the record." See Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir. 1980).

exhaustion requirement.  See Woodford v. Ngo, 548 U.S. 81, 89 (2006).  The Supreme

Court has explained that:

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).

Id. (citations and internal quotation marks removed).

Pursuant to 28 C.F.R. § 548.12, "[i]nstitution chaplains are responsible for

managing religious activities within the institution."  A religious diet is considered to be a

"religious activity."  See id. at § 548.11.  The parties do not dispute that the "New Or

Unfamiliar Religious Components Questionnaire" is the form to be filled out when an

inmate requests a religious activity, like a new diet, and when additional information is

required by the Chaplain to decide whether or not to approve it.  See id. at § 548.12.

Eventually, it should go to the Warden.  In Norwood's case, the agency inadvertently

failed to properly handle his form, resulting in the need for him to resubmit it.  As the

District Court noted in prematurely reaching the qualified immunity issue, Warden Holt

neither granted nor denied Norwood's request for a vegetarian halal diet free of cross-

contamination by animal-based foods.  Even the Regional Director noted the incomplete

"New Or Unfamiliar Religious Components Questionnaire."  Once the defendants

asserted in their reply brief that Norwood had recently completed the "New Or

Unfamiliar Religious Components Questionnaire," specifically seeking a vegetarian halal

6

diet free of cross-contamination by animal based foods, and that the questionnaire had been routed to the Warden for a decision, it was clear that the agency had not rendered a final decision in Norwood's case and that his federal civil action was subject to dismissal for failure to exhaust administrative remedies, 42 U.S.C. § 1997e(a).

Proper exhaustion means using *all* of the steps the agency holds out, Woodford, 548 U.S. at 89, including, here, the unremarkable step of resubmitting a form the agency lost, or resubmitting a form to clarify for the agency the exact nature of one's claim. Efficiency is not promoted, see Nyhuis v. Reno, 204 F.3d 65, 76 (3d Cir. 2000), by allowing a claim to proceed in federal court under the circumstances presented here. The importance of the lack of administrative finality in Norwood's case cannot be overstated. As the parties well know, the Jupiter case, D.C. Civ. No. 10-cv-01968, raised the identical issue. To illustrate that completion of the "New Or Unfamiliar Religious Components Questionnaire" is an essential component of the exhaustion process in a case like Norwood's, and that agencies are capable of correcting their errors, we note the following satisfying outcome. In a brief, defendants Chaplain Johnson and Warden Holt noted that inmate Jupiter filed the required form on May 7, 2011; a kosher vegetarian certified food menu then was *approved* for him, starting on June 5, 2011. See Defendants' Reply Brief in Support of their Objections, Jupiter v. Johnson, D.C. Civ. No. 10-cv-01968, Docket Entry No. 53, at 5. The District Court dismissed the action for failure to exhaust administrative remedies, and no appeal has been taken.

7

For the foregoing reasons, we will summarily affirm the order of the District Court granting the defendants' motion to dismiss or, in the alternative, for summary judgment.